PEOPLE *ex rel.* STEELE *v.* FRENCH *et al.*, Police Commissioners.

*(Supreme Court, General Term, First Department.    June 6, 1890.)*

MUNICIPAL CORPORATIONS—DISCHARGE OF POLICEMAN.

On the trial of relator for conduct unbecoming a police officer, in being absent from roll-call, and not reporting until some time thereafter, when he was so much under the influence of liquor as to make him unfit for duty, his excuse was that on being relieved from his post he boarded a car to return to the station-house, and was seized with so violent a pain in his back that he could not leave it, and rode to the end of the line, and, there being no car returning, had to walk back. A physician testified that he had some talk with relator in the car in respect to his illness, and that relator was not under the influence of liquor, and in this respect he was corroborated by the driver of the car. Two police sergeants, who were at the station-house when relator came in, testified that in their opinion he was under the influence of liquor, and gave their reasons for so believing, among which was that his breath smelled strongly of liquor. *Held,* that relator's dismissal from the force would not be disturbed.

*Certiorari* to review the action of police commissioners in dismissing relator, James Steele, from the police force of the city of New York.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*John M. Tierney,* for relator.    *J. J. Delany,* for respondents.

VAN BRUNT, P. J.    The charge against the relator was conduct unbecoming an officer, the specification being that he was absent from roll-call, and did not report until some time thereafter, when he was so much under the influence of liquor as to be unfit for duty.    That he was absent the relator admitted, and he seeks to excuse his absence by stating that on being relieved from his post he got on board a car to return to the station-house, and that when the car arrived at the street in which the station-house was situate he had so severe a pain in the back that he could not get off the car; that he rode to One Hundred and Twenty-Fifth street, the end of the line, found that there was no car returning to One Hundreth street, and was compelled to walk back the entire distance to the station-house, arriving there at 1:15, when he should have been there at 12:30.    The evidence against the relator was that of two sergeants who were at the station-house when the relator came in. They stated that he was examined, and in their opinion was under the influence of liquor, and they gave reasons why they so believed, among which were that his breath smelled strongly of liquor.    It is true that certain evidence on the part of the relator was offered of persons who were on the car with the relator upon the night in question, one a physician, and the other the driver of the car.    The physician testified that he was going up with him in the car, and had some talk with him in respect to his illness, and that he was not under the influence of liquor; and in this respect he was corroborated by the driver of the car.    Here seems to have been a conflict of testimony which the commissioners were called upon to decide.    It might be suggested that it is difficult to see how it was possible for this relator to have walked back, as he says he did, from One Hundred and Twenty-Fifth street to the station-house, if he was so ill as to be unable absolutely to leave the car when it stopped at One Hundredth street.    It is further to be borne in mind that the excuse which he gave for being late at roll-call was absolutely and confessedly untrue.    Under these circumstances, we do not see that any excuse was given sufficient to account for the condition in which the relator manifestly was upon his arrival at the station-house, and to overcome the strong testimony of the sergeants who saw him upon his arrival.    The proceedings should be affirmed and the writ dismissed.    All concur.